UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO.: 2:15-CR-172-FtM-38CM

BRADLEY WEGERT
_____

**OPINION AND ORDER**[1]

Before the Court is Defendant Bradley Wegert's Motion to Reduce Sentence Based on COVID-19 (Doc. 101), and the Government's response in opposition (Doc. 103). For the below reasons, the Court denies the motion.

Defendant is serving a 144-month sentence for drug conspiracy. (Doc. 97). He is thirty-eight years old and projected to be released in six years. He now moves the Court to reduce his sentence to time served and impose a special condition of home confinement because his asthma, high blood pressure, and high cholesterol make him more vulnerable to serious illness should he contract the COVID-19 virus in prison. Defendant also maintains the Bureau of Prison's ("BOP") measures to protect prisoners against the virus are inadequate.

To the extent that Defendant seeks home confinement, the Court has no authority to direct the BOP to do so. The BOP has exclusive authority to decide whether to place a prisoner under home confinement. *See United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (stating district courts lack authority to grant early release under the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Second Chance Act, as amended by the First Step Act, because "the Second Chance Act does not authorize a federal court to order the BOP to release a prisoner—the Act only states that the Attorney General 'may' release eligible elderly offenders."); *United States v. Smith*, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) (finding no authority to grant the defendant's request for home confinement because of COVID-19).  Defendant cites no authority on which the Court may direct the BOP to place him on home confinement.  Without any authority, the Court denies his request.[2]

To the extent that Defendant seeks a sentence reduction, the Court denies the request.  Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction" after considering (1) if any reduction follows the Sentencing Commission's policy statements; (2) if a defendant is no longer a danger to the community; and (3) the 18 U.S.C. § 3553(a) factors.

Section 1.B1.13 of the Sentencing Guidelines offers a policy statement on reducing a sentencing under § 3582(c)(1)(A).  It lists four circumstances to be extraordinary and compelling:  medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines.  U.S.S.G. § 1B1.13, cmt. n.1.  Qualifying medical conditions include a terminal illness or serious physical condition "that substantially diminishes the ability of

---

[2] What is more, Defendant has no liberty interest in being transferred to home confinement.  *See Calderon*, 801 F. App'x at 732 (stating "prisoners do not have a constitutional right to be released before the expiration of a valid sentence" (citation omitted)); *Brown v. Attorney Gen.*, No. 3:20-CV-661-J-32JBT, 2020 WL 4582732, at *3 (M.D. Fla. Aug. 10, 2020) ("A prisoner has no constitutionally protected interest in her place of confinement." (citing *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018)).

the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Defendant relies only on his medical conditions of asthma, high blood pressure, and high cholesterol for his extraordinary and compelling circumstances. But the record suggests otherwise. First, Defendant has provided insufficient evidence of asthma. His prison medical records do not mention the ailment. At best, the Presentence Investigation Report says Defendant suffered asthma as a child. But as an adult, Defendant reported good health. Without more, Defendant has not shown that his asthma warrants a sentence reduction.

Second, Defendant's high blood pressure and cholesterol fare no better. He makes no claim that either condition puts him on an end of life trajectory or diminishes his capacity for self-care while incarcerated. Nor could he argue those points because the BOP is treating and monitoring both conditions. (Doc. 101-1 at 3). Defendant has thus shown no extraordinary and compelling reason for a sentence reduction.

Even had Defendant done so, he remains a danger to the community. At only thirty-eight years old, Defendant scored twenty-one criminal history points, which landed him in the highest criminal history category. His past crimes include drug offenses, resisting arrest, fleeing/alluding, grand theft, trespass, and countless violations of probation. (Doc. 77). Plus, Defendant is in federal prison for conspiracy to distribute nearly five kilograms of methamphetamine and 10 pounds of marijuana. The Court thus cannot overlook Defendant's extreme criminal history and the serious nature of the instant offense. Defendant's motion also mentions no rehabilitative efforts that he has made while in prison to show the community would be safe if he is released.

But even if Defendant were not a danger to the community, the § 3553(a) factors weigh against his release.  Defendant lead and organized a conspiracy (involving at least six other people) to smuggling large amounts of methamphetamine and marijuana through FedEx into this District.  And he has yet to serve half of his 12-year sentence.  Releasing Defendant now would not reflect the seriousness of his crime, promote respect for the law, and afford adequate deterrence to criminal conduct.  And Defendant's longstanding criminal history stands for itself.

The Court thus denies Defendant's motion because he failed to establish "extraordinary and compelling reasons" to support a sentence reduction, he remains a danger to the community, and he deserves continued incarceration.

Accordingly, it is now

**ORDERED:**

Defendant Bradley Wegert's Motion to Reduce Sentence Based on COVID-19 (Doc. 101) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 31st day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

4